# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| ALEXANDER YATES<br>2218 Wentworth Ave.<br>Rockford, IL 61108 | ) )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| ACCORD GROUP, LLC<br>d/b/a SECURED ROOFING, LLC<br>100 Techne Center, Dr. # 125<br>Milford, Ohio 45150 | )<br>)<br>)<br>)<br>) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| **Serve also:** | )<br>) | **JURY DEMAND ENDORSED HEREIN** |
| Accord Group, LLC<br>d/b/a Secured Roofing, LLC<br>(Statutory Agent)<br>National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff Alexander Yates by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Yates is a resident of the city of Rockford, Winnebago County, Illinois.

2. Defendant ACCORD GROUP, LLC d/b/a SECURED ROOFING, LLC ("Accord") is a domestic-incorporated, for-profit company that conducts business throughout the state of Ohio and others. The relevant location of the events and omissions of this Complaint took place was at/around Accord's location at 100 Techne Center Dr. # 125, Milford, Ohio 45150, and at Plaintiff's home addresses.

3. Accord is, and was at all times hereinafter mentioned, Yates' employer within the meaning of Title VII of the Civil Rights act of 1964 ("Title VII") 42 U.S.C. §2000e, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S. Code § 634, and R.C. § 4112 *et seq*.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that Plaintiff is alleging federal law claims under Title VII and the ADEA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to his federal law claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the adverse employment actions described herein, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-01471 ("EEOC Charge").

8. On August 26, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Plaintiff regarding the EEOC Charge.

9. Plaintiff received the Right to Sue letter from the EEOC in accordance with 42 U.S.C. §2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. Plaintiff has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

11. Plaintiff has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

12. Yates is a former employee of Accord.

13. At all times noted herein, Yates was qualified for his position with Accord.

14. At all times noted herein, Yates could fully perform the essential functions of his job, with or without a reasonable accommodation.

15. Yates worked for Accord, most recently as an Office Manager, from Summer 2014 until he was forced to resign on or about April 28, 2021.

16. Yates is a 50-year-old, African American man, placing him in protected classes for his age and race.

17. Yates was originally hired for a sales position in 2014 and, six to eight months later, moved to do collections work.

18. In or around 2015, Yates was the only person doing invoicing and collections work for Sales Representatives Shane Nagel and Marissa Couch.

19. Yates continued doing this position, even after Couch moved to Florida, placing him in charge of invoicing for two offices in two completely different states.

20. Yates moved to Cincinnati for this position and by 2017 was collecting about $3 million each year.

21. By 2020, Yates' numbers were close to $5 million each year. Yates collected those monies single-handedly.

22. In or around 2020, Accord created a department for final invoicing and created a Manager of Final Invoicing and Collections position.

23. As the only person doing invoicing for the Cincinnati and Florida offices and with five years of experience, Yates was perfect for the job.

24. However, Accord ultimately chose a Caucasian woman in her thirties named Abbi Eddington, who notably is outside Yates' protected classes.

25. Despite Yates' relevant experience and knowledge, Accord did not allow him to apply for the position.

26. Eddington had no experience doing invoicing or collections work but was the Office Manager for the Division Director and Assistant Director: the two people in charge of hiring for this position.

27. Accord's failure to allow Yates to apply for the promotion was an adverse employment action against, as was the failure to promote him.

28. Accord's purported reason(s) for passing over Yates for promotion pretextual.

29. Accord actually failed to promote Yates discriminatorily against his race and/or age and/or in retaliation against his protected complaints.

30. Yates saw this move as nepotistic and discriminatory, and complained of it as such to his superiors. This was a protected complaint of discrimination.

31. Additionally, starting in or around 2018, Yates began experiencing issues related to his pay.

32. Specifically, the payroll manager, Jessica LaPlante-Hall, frequently tried to deny Yates his correct commissions.

33. When there was a discrepancy in his commissions check, LaPlante-Hall would tell Yates that he should be happy for what he got and to expect the difference to be made up later.

34. LaPlante-Hall would also ask if Yates was hurting for money. Yates was confused about this question and its relevance to being paid correctly.

35. Instead of remedying the situation, LaPlante-Hall would accuse Yates of sounding angry.

36. To the best of Yates' knowledge and belief, he was the only commissioned employee whose commissions, when needed to be corrected, were delayed weeks at a time before they would be paid out.

37. In or around April 5, 2021, Yates had a meeting with HR who told him that Accord was taking away his entitlement to commissions entirely and that he would be paid hourly from now on.

38. This was a substantial pay cut for Yates and an adverse employment action against him.

39. Unable to accept this disparate and unfair treatment, Yates' employment was constructively terminated on or about April 28, 2021.

40. Accord promoted a Caucasian woman over Yates despite Yates' superior experience in 2020.

41. Accord also condoned the racist behavior of Payroll Manager, LaPlante-Hall, who was in the business of victim-blaming Yates whenever he was paid incorrectly.

    a. For example, LaPlante-Hall would tell Yates to be thankful that he got anything and then ask if he was hurting for money: neither of which were relevant to Yates' complaint of incorrect payment.

    b. Instead of remedying the situation, LaPlante-Hall would accuse Yates of sounding angry.

    c. Accusing an African American individual of sounding angry when they are not is a common form of discrimination.

    d. To the best of Plaintiff's knowledge and belief, LaPlante-Hall is still employed by Accord and was never disciplined for this behavior.

42. On or around April 5, 2021, Yates received a significant pay cut after Accord disallowed him from receiving commissions.

43. Yates went from earning $33,000 annually plus commissions, to earning $14/hour.

44. Even if Yates was permitted to keep making commissions, the difference in Yates' previous salary and new hourly pay is an approximately 20% pay cut.

45. Without any commissions on top of the pay cut, Yates suffered a severe, adverse employment action against him. This pay cut came soon after Yates began complaining of pay discrepancies to LaPlante-Hall.

46. The temporal proximity between these complaints and Yates' pay cut shows that Accord decreased his pay in retaliation for making the complaints.

47. Accord's purported reason(s) for Yates' employment termination was clearly pretextual.

48. Accord actually terminated Yates' employment discriminatorily against his race and/or age and/or in retaliation against his protected complaints.

49. As a result of the above, Yates has suffered and will continue to suffer damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.

50. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. Yates is African American and thus is in a protected class for his race.

52. R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

53. Defendant treated Yates differently than other similarly situated employees based upon his race.

54. Defendant knew or should have known of the discrimination against Yates.

55. Defendant conduced, tolerated, and ratified this discrimination against Yates.

56. This discrimination was severe and/or pervasive.

57. This discrimination was offensive to Yates

58. This discrimination would also be offensive to any reasonable person.

59. This discrimination interfered with Yates' ability to perform his job duties.

60. This discrimination was based on Yates' qualified medical and/or family situation.

61. This discrimination was so severe and pervasive that it materially altered the conditions of Yates' employment.

62. Yates, with no other reasonable choice, was then forced to resign his employment.

63. Yates' resignation was a constructive termination, and therefore an adverse employment action.

64. Defendant constructively terminated Yates' employment.

65. Defendant forced Yates to resign based on his race.

66. Defendant violated R.C. § 4112.02 when it constructively discharged Yates based on his race.

67. Defendant violated R.C. § 4112.02 by discriminating against Yates based on his race.

68. Yates suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

69. As a direct and proximate result of Defendant's conduct, Yates suffered and will continue to suffer damages.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

97. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Yates is African American and thus is in a protected class for his race.

99. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

100. Defendant treated Yates differently than other similarly situated employees based upon his race.

101. Defendant knew or should have known of the discrimination against Yates.

102. Defendant conduced, tolerated, and ratified this discrimination against Yates.

103. This discrimination was severe and/or pervasive.

104. This discrimination was offensive to Yates

105. This discrimination would also be offensive to any reasonable person.

106. This discrimination interfered with Yates' ability to perform his job duties.

107. This discrimination was based on Yates' qualified medical and/or family situation.

108. This discrimination was so severe and pervasive that it materially altered the conditions of Yates' employment.

109. Yates, with no other reasonable choice, was then forced to resign his employment.

110. Yates' resignation was a constructive termination, and therefore an adverse employment action.

111. Defendant constructively terminated Yates' employment.

112. Defendant forced Yates to resign based on his race.

113. Defendant violated Title VII when it constructively discharged Yates based on his race.

114. Defendant violated Title VII by discriminating against Yates based on his race.

115. Yates suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

116. As a direct and proximate result of Defendant' conduct, Yates suffered and will continue to suffer damages.

**COUNT III: FAILURE TO PROMOTE BASED ON RACE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.**

97. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Yates is African American, and thus is in a protected class for his race.

99. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

100. Defendant treated Yates differently than other similarly situated employees based upon his race.

101. During his employment, Yates attempted to, but was prevented from, applying for a promotion to a Final Invoicing and Collections position.

102. Yates was qualified for this position.

103. Accord passed over Yates for the position, instead choose to promote a Caucasian woman.

104. Defendant's failure to promote Yates because of his race was an adverse employment action against him.

105. Defendant's purported reason(s), or lack thereof, for failing to promote Yates was pretextual.

106. Defendant actually chose not to promote Yates because of his race.

107. Defendant violated R.C. § 4112 et seq. by failing to promote Yates because of his race.

108. Defendant violated R.C. § 4112 et seq. by treating Yates differently from other similarly situated employees outside his protected class.

109. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Yates' race.

110. As a direct and proximate result of Defendant's acts and omissions, Yates has suffered and will continue to suffer damages.

**COUNT IV: FAILURE TO PROMOTE BASED ON RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

111. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Yates is African American, and thus is in a protected class for his race.

113. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

114. Defendant treated Yates differently than other similarly situated employees based upon his race.

115. During his employment, Yates attempted to, but was prevented from, applying for a promotion to a Final Invoicing and Collections position.

116. Yates was qualified for this position.

117. Accord passed over Yates for the position, instead choose to promote a Caucasian woman.

118. Defendant's failure to promote Yates because of his race was an adverse employment action against him.

119. Defendant's purported reason(s), or lack thereof, for failing to promote Yates was pretextual.

120. Defendant actually chose not to promote Yates because of his race.

121. Defendant violated Title VII by failing to promote Yates because of his race.

122. Defendant violated Title VII by treating Yates differently from other similarly situated employees outside his protected class.

123. Defendant violated Title VII by applying its employment policies in a disparate manner based on Yates' race.

124. As a direct and proximate result of Defendant's acts and omissions, Yates has suffered and will continue to suffer damages.

**COUNT V: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.***

70. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Yates is age 50, and thus is in a protected class for his age.

72. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

73. Defendant treated Yates differently than other similarly situated employees based upon his age.

74. Defendant knew or should have known of the discrimination against Yates.

75. Defendant conduced, tolerated, and ratified this discrimination against Yates.

76. This discrimination was severe and/or pervasive.

77. This discrimination was offensive to Yates

78. This discrimination would also be offensive to any reasonable person.

11

79. This discrimination interfered with Yates' ability to perform his job duties.

80. This discrimination was based on Yates' qualified medical and/or family situation.

81. This discrimination was so severe and pervasive that it materially altered the conditions of Yates' employment.

82. Yates, with no other reasonable choice, was then forced to resign his employment.

83. Yates' resignation was a constructive termination, and therefore an adverse employment action.

84. Defendant constructively terminated Yates' employment.

85. Defendant forced Yates to resign based on his age.

86. Defendant violated R.C. § 4112.02 when it constructively discharged Yates based on his age.

87. Defendant violated R.C. § 4112.02 by discriminating against Yates based on his age.

88. Yates suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

89. As a direct and proximate result of Defendant's conduct, Yates suffered and will continue to suffer damages.

### COUNT VI: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

125. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

126. Yates is age 50, and thus is in a protected class for his age.

127. The ADEA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

128. Defendant treated Yates differently than other similarly situated employees based upon his age.

129. Defendant knew or should have known of the discrimination against Yates.

130. Defendant conduced, tolerated, and ratified this discrimination against Yates.

131. This discrimination was severe and/or pervasive.

132. This discrimination was offensive to Yates

133. This discrimination would also be offensive to any reasonable person.

134. This discrimination interfered with Yates' ability to perform his job duties.

135. This discrimination was based on Yates' qualified medical and/or family situation.

136. This discrimination was so severe and pervasive that it materially altered the conditions of Yates' employment.

137. Yates, with no other reasonable choice, was then forced to resign his employment.

138. Yates' resignation was a constructive termination, and therefore an adverse employment action.

139. Defendant constructively terminated Yates' employment.

140. Defendant forced Yates to resign based on his age.

141. Defendant violated the ADEA when it constructively discharged Yates based on his age.

142. Defendant violated the ADEA by discriminating against Yates based on his age.

143. Yates suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA.

144. As a direct and proximate result of Defendant' conduct, Yates suffered and will continue to suffer damages.

## COUNT VII: FAILURE TO PROMOTE BASED ON AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.

97. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Yates is age 50, and thus is in a protected class for his age.

99. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

100. Defendant treated Yates differently than other similarly situated employees based upon his age.

101. During his employment, Yates attempted to, but was prevented from, applying for a promotion to a Final Invoicing and Collections position.

102. Yates was qualified for this position.

103. Accord passed over Yates for the position, instead choose to promote a Caucasian woman.

104. Defendant's failure to promote Yates because of his age was an adverse employment action against him.

105. Defendant's purported reason(s), or lack thereof, for failing to promote Yates was pretextual.

106. Defendant actually chose not to promote Yates because of his age.

107. Defendant violated R.C. § 4112 et seq. by failing to promote Yates because of his age.

108. Defendant violated R.C. § 4112 et seq. by treating Yates differently from other similarly situated employees outside his protected class.

109. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Yates' age.

110. As a direct and proximate result of Defendant's acts and omissions, Yates has suffered and will continue to suffer damages.

**COUNT VIII: FAILURE TO PROMOTE BASED ON AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

111. Yates restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Yates is age 50, and thus is in a protected class for his age.

113. The ADEA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

114. Defendant treated Yates differently than other similarly situated employees based upon his age.

115. During his employment, Yates attempted to, but was prevented from, applying for a promotion to a Final Invoicing and Collections position.

116. Yates was qualified for this position.

117. Accord passed over Yates for the position, instead choose to promote a Caucasian woman.

118. Defendant's failure to promote Yates because of his age was an adverse employment action against him.

119. Defendant's purported reason(s), or lack thereof, for failing to promote Yates was pretextual.

120. Defendant actually chose not to promote Yates because of his age.

121. Defendant violated the ADEA by failing to promote Yates because of his age.

122. Defendant violated the ADEA by treating Yates differently from other similarly situated employees outside his protected class.

123. Defendant violated the ADEA by applying its employment policies in a disparate manner based on Yates' age.

124. As a direct and proximate result of Defendant's acts and omissions, Yates has suffered and will continue to suffer damages.

## COUNT IX: RETALIATION

125. Yates restates each and every prior paragraph of this complaint, as if it were fully restated herein.

126. As a result of the Defendant' discriminatory and harassing conduct described above, Yates complained of the discrimination and disparate treatment he was experiencing.

127. Yates reported the discrimination and harassment to his superior(s), imputing notice upon Defendant.

128. Subsequent to Yates' complaints, Defendant took adverse employment actions against Yates, including, but not limited to, passing him over for a promotion and constructively terminating his employment.

129. Defendant's actions were retaliatory in nature based on Yates' opposition to the unlawful discriminatory conduct.

130. Pursuant to R.C. § 4112.02(I), Title VII, and the ADEA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

131. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Yates, he has suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Yates demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Yates' personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Yates for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Yates' claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

　/s/ Evan R. McFarland　
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
　　Trial Attorney
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:　 (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Alexander Yates*

## JURY DEMAND

Plaintiff Alexander Yates demands a trial by jury by the maximum number of jurors permitted.

                                                                           /s/ Evan R. McFarland
                                                                          Evan R. McFarland (0096953)